**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mebrhatu Maebel Yemane,

Petitioner,

v.

Unknown Party, et al.,

Respondents.

No. CV-26-03673-PHX-MTL

**ORDER**

Before the Court is Petitioner Maria Felix Aguilar-Parra's Petition (Doc. 1) and United States Magistrate Judge John Z. Boyle's Report and Recommendation ("R&R") (Doc. 12). The R&R recommends that the Court grant in part and deny in part the petition. The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R and that failure to file timely objections could be considered a waiver of the right to obtain review of the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Neither party filed objections, which relieves the Court of its obligation to review the R&R. *See Reyna-Tapia*, 328 F.3d at 1121; *Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[Section 636(b)(1)] does not . . . require any review at all . . . of any issue that is not the subject of an objection."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The Court has nonetheless reviewed the R&R and finds that it is well-taken. The Court will accept the R&R in its entirety. *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate"); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

**IT IS ORDERED** that the R&R (Doc. 12) is **ACCEPTED**.

**IT IS FURTHER ORDERED** Petitioner's petition (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Petitioner's request for immediate release is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner be provided an individualized bond hearing within **SEVEN (7) DAYS** of this Order. This bond hearing shall comply with the procedural requirements set out in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011). The government shall bear the burden of proving that Petitioner is a danger or flight risk by clear and convincing evidence. Additionally, the IJ should consider Petitioner's financial situation and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). In the alternative, the government may release Petitioner under appropriate conditions of release.

**IT IS FURTHER ORDERED** that Petitioner shall be provided with adequate notice prior to the hearing.

**IT IS FURTHER ORDERED** that the government shall file a status report with the Court regarding the bond hearing and whether Petitioner was released within **FOURTEEN (14) DAYS** of the date this Order.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly and terminate this case.

Dated this 16th day of September, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge